UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRANDON SCOTT LAVERGNE**<br>     **LA. DOC #424229**<br>VS. | **CIVIL ACTION NO. 6:13-2123**<br><br>**SECTION P**<br><br>**JUDGE HAIK** |
| **MAC SANFORD and FRONTLINE FIELD**<br>**SERVICES OF HOUSTON, TEXAS** | **MAGISTRATE JUDGE HILL** |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Brandon Scott Lavergne ("Lavergne"), proceeding in *forma pauperis*, filed the instant complaint on June 24, 2013. Lavergne is an inmate in the custody of the Louisiana Department of Public Safety and Corrections. He is incarcerated at the Louisiana State Penitentiary in Angola, Louisiana where he is serving two life sentences imposed by the Louisiana Fifteenth Judicial District Court for Lafayette Parish following his August 17, 2012 convictions for the murder of Michaela Shunick ("Shunick") and Lisa Pate ("Pate"). Lavergne names Mac Sanford ("Sanford"), the President of Frontline Field Services of Houston, Texas and Frontline Field Services of Houston, Texas ("Frontline"), a private investigation firm, as defendants.

Lavergne alleges that after his arrest for the murder of Shunick in July, 2012, private investigator Sanford told the parents of missing teenager Alexandria "Ali" Lowitzer of Spring, Texas, that he believed that Lavergne was responsible for Ali's disappearance. Sanford allegedly also told the media of his suspicion in July and August of 2012. As a result of these alleged false allegations which "painted [Lavergne] as a

serial killer", Lavergne claims that his "lawyers here in Louisiana convinced [him] that [he] would never be able to get a fair trial and that [he] had no choice but to plead guilty to charges [he] was maintaining [he] was not guilty of." These allegedly false allegations are alleged to have been in violation of Lavergne's constitutional rights because they "taint[ed] [Lavergne's] jury pool and directly influenc[ed] [Lavergne's] plea." By this action, Lavergne seeks punitive damages for libel and slander and constitutional violations.

This matter has been referred to the undersigned for review, report and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

## LAW AND ANALYSIS

On August 17, 2012, Lavergne pled guilty to two counts of first degree murder for the murders of Shunick and Pate, with the stipulation that he be sentenced to life imprisonment on each count. In accordance with the plea agreement, Lavergne was sentenced that date to life imprisonment on each count. Lavergne did not directly appeal his convictions or sentences. Post-Conviction relief has not been granted.[1] Moreover, neither this or any other federal court has issued a writ of *habeas corpus*.

**I. Screening**

When a prisoner files suit in *forma pauperis* pursuant to 42 U.S.C. § 1983, the

---

[1] This information was confirmed by communication with the Clerk of the Fifteenth Judicial District Court and the Louisiana Third Circuit Court of Appeal.

court is obligated to evaluate the complaint and dismiss it without service of process, if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990).

A claim is frivolous if it lacks an arguable basis in law or in fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998) *citing Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997). A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. *Jones v. Bock*, 549 U.S. 199, 215 (2007); *See also Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). The plaintiff must state "enough facts to state a claim to relief that is plausible on its face." *Green v. Revel*, 2011 WL 165453, *1 (5th Cir. 2011) *citing In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In his Complaint, Lavergne has set forth specific facts which he claims entitles him to damages and he has pleaded his best case. The facts alleged by Lavergne have been accepted as true for the purposes of this Report. Nevertheless, Lavergne's damage claims are subject to dismissal for the reasons which follow.

**II. Non-State Actor**

To the extent that Lavergne attempts to assert a civil rights claim under § 1983 against Sanford or Frontline, to state a § 1983 claim, a plaintiff must prove that he was

deprived of a right, privilege, or immunity secured by the Constitution or laws of the United States by a person acting under the color of law. 42 U.S.C. § 1983; *Robertson v. Plano City of Texas*, 70 F.3d 21, 23 (5th Cir. 1995) *citing Evans v. City of Marlin, Tex.*, 986 F.2d 104, 107 (5th Cir. 1993); *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995). Under the "color of law" requirement, the defendants in a § 1983 action must have committed the complained-of acts in the course of their performance of duties and have misused power that they possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law. *United States v. Classic*, 313 U.S. 299, 325 (1941); *Screws v. United States*, 325 U.S. 91, 110 (1944) (plurality opinion).

It is clear that neither Sanford nor Frontline are state actors as required for liability under § 1983. To the contrary, Sanford is merely a private citizen who is the president of Frontline, his private investigation firm, neither of which are in any way clothed with the authority of state law.

Further, there is no factual basis to support any claim of a conspiracy between Sanford or Frontline and any alleged state actor to support a claim of state action. *See Marts v. Hines*, 68 F.3d 134, 136 (5th Cir. 1995) *citing McAfee v. 5th Circuit Judges*, 884 F.2d 221, 222 (5th Cir. 1989), *cert. denied*, 493 U.S. 1083, 110 S.Ct. 1141, 107 L.Ed.2d 1046 (1990) ("'mere conclusory allegations of conspiracy cannot, absent reference to material facts,' state a substantial claim of federal conspiracy."); *Mills v. Criminal*

*District #3*, 837 F.2d 677, 679-680 (5th Cir. 1988); *See also Babb v. Dorman,* 33 F.3d 472, 476 (5th Cir. 1994) *citing Lynch v. Cannatella*, 810 F.2d 1363, 1369-70 (5th Cir. 1987) (finding that bald, conclusory allegations that a conspiracy exists are insufficient to state a conspiracy claim); *Young v. Biggers*, 938 F.2d 565, 569 (5th Cir. 1991); *Rodriguez v. Neeley*, 169 F.3d 220, 222 (5th Cir. 1999) *citing McAfee, supra.* Plaintiff's civil rights claims against Sanford and Frontline should therefore be dismissed for failure to state claims upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### III. *Heck v. Humphrey*

Lavergne also seeks monetary damages from Sanford and Frontline for making false statements, which allegedly resulted in Lavergne's being unable to receive a fair trial, thereby forcing Lavergne to plead guilty to the murders of Shunick and Pate, for which Lavergne is serving two life sentences imposed by the Louisiana Fifteenth Judicial District Court for Lafayette Parish. These claims are barred by the principles set forth by the United States Supreme Court in *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).[2]

---

[2] Although *Heck* involved a § 1983 action, the Fifth Circuit has applied the rule to a tort action against presumed non-state actors explaining that "[t]he *Heck* rule was formulated in deference to the principle that 'civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments.'" *Walter v. Horseshoe Entertainment*, 483 Fed. Appx. 884, 887 (5th Cir. 2012) *quoting Heck*, 512 U.S. at 486. Accordingly, the Fifth Circuit has applied *Heck* to bar Louisiana state law claims. *Thomas v. Louisiana Department of Social Services*, 406 Fed. Appx. 890, 897-898 (5th Cir. 2010). *See also DeLeon v. City of Corpus Christi*, 488 F.3d 649, 652 fn. 3 (5th Cir. 2007) (affirming dismissal of state law claims under *Heck* noting that "[t]he *Heck* court held that a civil tort action, including an action under section 1983, is not an appropriate vehicle for challenging the validity of outstanding criminal judgments."). *Heck* has also been applied in a diversity action to bar state law causes of action. *See Hardin v. Pfizer, Inc.,* 2007 WL 2212674, *7 (D. S.C. 2007).

It is well established that to recover damages for an allegedly "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a . . . plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of *habeas corpus* [under] 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable.  *Heck*, 512 U.S. at 487, 114 S.Ct. at 2372. The Supreme Court imposed this requirement in order to avoid collateral attacks by plaintiffs on convictions against them that are "still outstanding." *Id.* at 486, 114 S.Ct. at 2371. Moreover, if judgment in favor of a plaintiff would "necessarily imply the invalidity of his conviction or sentence," then the complaint must be dismissed unless the plaintiff demonstrates that the conviction or sentence has already been invalidated.  *Id. See also Edwards v. Balisok*, 520 U.S. 641, 643, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997).

Lavergne's claims concerning his inability to receive a fair trial which he alleges caused him to enter a guilty in the murder prosecution for the deaths of both Shunick and Pate would, if true, necessarily implicate the validity of his state court criminal proceeding and the convictions and sentences imposed therein.  Lavergne does not contend that his murder convictions or his life sentences have been reversed, expunged,

or declared invalid. To the contrary, Lavergne admits that he is currently serving his sentences for these convictions. Moreover, there is no jurisprudence establishing that these convictions have been reversed, expunged, or declared invalid. Furthermore, no federal court has issued a writ of *habeas corpus*.

While Lavergne argues that his murder convictions and resulting sentences are invalid and unconstitutional based on the invalidity of his alleged involuntary plea, Lavergne stands convicted, and his convictions rely upon the validity of his guilty plea. Thus, it is clear that if this court were to grant Lavergne the damages he seeks, that ruling would necessarily implicate the validity of Lavergne's convictions and sentences. Accordingly, Lavergne's claims, which are directed at the validity of his 2012 guilty plea in his criminal prosecution and resulting convictions and sentences, are barred by *Heck*. The claims are not cognizable at this time. These claims must therefore be dismissed with prejudice for failure to state cognizable claims. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).³

## IV. Diversity Jurisdiction is Lacking

Finally, this Court cannot exercise diversity jurisdiction over any Louisiana state law claims asserted by Lavergne because the requisite amount in controversy is lacking.

---

³Moreover, even if Lavergne's claims were not barred by *Heck* because they would not necessarily imply the invalidity of his convictions and sentences, to recover damages Lavergne would still nevertheless have to prove that he suffered an actual, compensable injury. The United States Supreme Court in *Heck*, however, has held that actual, compensable injury "does not encompass the 'injury' of being convicted and imprisoned (until [the] conviction has been overturned)." *Heck*, 512 U.S. at 487 fn. 7. Thus, Lavergne's claim fails on the merits as well.

For exercise of this Court's diversity jurisdiction, it is axiomatic that both complete diversity of citizenship and an amount in controversy which exceeds $75,000 must be present. 28 U.S.C. § 1332. From the face of Lavergne's Complaint, given Lavergne's libel-proof status thereby permitting an award, at most, of only nominal damages[4], and further given that an "actual, compensable injury". . . "does not encompass the 'injury' of being convicted and imprisoned (until [the] conviction has been overturned)"[5], it is clear that the requisite amount in controversy is not met in this case. Accordingly, Lavergne's complaint, which essentially alleges a defamation claim, is subject to dismissal for lack of jurisdiction.[6]

For the reason set forth above;

**IT IS RECOMMENDED** that Lavergne's civil rights claims against Mac Sanford and Frontline Field Services of Houston, Texas be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

---

[4] *See Lavergne v. "Dateline" NBC*, 6:13-2118 (W.D. La. 2013) (finding that Lavergne is libel-proof under Louisiana law). To the extent that Texas law is applicable, Texas has recognized the libel-proof plaintiff doctrine. *See Finklea v. Jacksonville Daily Progress*, 742 S.W.2d 512, 517-518 (Tex. App. Tyler 1987), *writ dismissed*, (Mar. 30, 1988) and *McBride v. New Braunfels Herald-Zeitung*, 894 S.W.2d 6, 10 (Tex. App. Austin 1994), *writ denied*, (Mar. 30, 1995). Accordingly, the same analysis, with even greater support for this Court's conclusion, applies.

[5] *See Heck*, 512 U.S. at 487 fn. 7.

[6] The undersigned additionally notes that it does not appear that this Louisiana Court would be a court of proper venue, or that this Louisiana Court would have personal jurisdiction over either defendant, as it appears that Sanford and his private investigation firm conduct business in Texas, not Louisiana.

**IT IS FURTHER RECOMMENDED** that all of Lavergne's claims for money damages against Mac Sanford and Frontline Field Services of Houston, Texas for allegedly causing Lavergne's inability to receive a fair trial, thereby forcing Lavergne to plead guilty to the murders of Shunick and Pate, be **DISMISSED WITH PREJUDICE** subject to reassertion if the requirements of *Heck v. Humphrey* are met.

**IT IS FURTHER RECOMMENDED** that Lavergne's claims under Louisiana State law be **DISMISSED** for lack of jurisdiction.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** in Chambers at Lafayette, Louisiana, February 12, 2014.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE